UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD P. HENNELLY,

              **Plaintiff,**

    V.                                                           3:10-CV-1398

TOWN OF MIDDLETOWN, and
CARL P. DAVIS,

              **Defendants.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

      Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 asserting that Defendants violated his constitutional right to due process. This is Plaintiff's second action arising from the same circumstances and making the same claims. See Hennelly v. Town of Middletown, 3:10-CV-966 (N.D.N.Y.)("Hennelly I"). Defendants move to dismiss the instant action on various grounds, including that the matter is not ripe for adjudication. Lack of ripeness was the reason for dismissal of Hennelly I. See 10/28/10 Dec. & Ord. [dkt. # 11] in Hennelly I. Plaintiff has opposed some, but not all, of the grounds for dismissal of the instant action. For the reasons that follow, the motion is granted.

1

## II.     BACKGROUND

Plaintiff owns a 150-acre parcel of land in the Town of Middletown, New York. He resided in a single-family dwelling on the property. In 2005, Plaintiff sought to build a second single-family dwelling on the property. He applied to Defendant Carl P. Davis, Town of Middletown Code Enforcement Officer, for a building permit authorizing construction of the second dwelling. Davis issued the building permit on March 7, 2005. Plaintiff thereafter spent approximately $450,000.00 in the construction of a second single-family dwelling. However, in April of 2006, when Plaintiff applied for a Certificate of Occupancy for the second dwelling, Davis advised Plaintiff that Town of Middletown zoning regulations prohibited two single-family dwellings on a single lot. Davis agreed to issue the Certificate of Occupancy for the second dwelling on the condition that Plaintiff sign an affidavit indicating that he would use the older dwelling only for storage. Although Plaintiff did not want to abandon use of the older dwelling as a residence, he signed the affidavit. As he did in Hennelly I, Plaintiff brings the present action asserting that Davis' and the Town's conduct deprived him of his property rights in the use of the two dwellings without due process of law.

### Hennelly I

In Hennelly I, Defendants moved to dismiss the action contending, *inter alia*, that the constitutional claims were not ripe for adjudication. Defendants asserted that because Plaintiff failed to utilize any of the available administrative mechanisms whereby he might have obtained approval to utilize both structures as single-family dwellings, the constitutional claims were not ripe for adjudication inasmuch as there was no final local

authority determination on Plaintiff's sought-after land use.  Plaintiff did not dispute that he failed to pursue any of these available administrative mechanisms but argued that such efforts would have been futile because Town regulations were clear that two single-family dwellings are not permitted on the same lot.  He contended that subdivision, a variance, or a waiver would have likely been denied because the second-dwelling is situated on a portion of the lot without road frontage.[1]

The Court held that the case was not ripe for adjudication and dismissed the action without prejudice. See 10/28/10 Dec. & Ord. [dkt. # 11] in Hennelly I.  In so holding, the Court wrote: "Although there is no dispute that the pertinent zoning regulations are clear, Plaintiff has not alleged either in his Complaint or in opposition to the instant motion that any Town official indicated that Plaintiff would be denied a variance if he had applied for one.  Under these circumstances, the futility exception is inapplicable." Id. p. 6 (citations omitted).

### Hennelly II

In the present action, Plaintiff makes the same allegations as he did in Hennelly I with the addition that:

> Following the denial of plaintiff's certificate of occupancy, defendant Davis told plaintiff that appealing the denial of his certificate of occupancy, applying for a variance, seeking subdivision approval, or seeking a waiver from the Town Planning Board would be futile, as there is no way the town would ever let plaintiff use both dwellings on his parcel as single family residences.

Complaint at ¶ 21.

---

[1] On the road frontage issue, Defendants argued, *inter alia*, that Plaintiff could have sought an area variance to utilize an easement or other means to obtain approval without having physical road access for the lot, or Plaintiff could have sought a use variance to permit two dwellings on a single lot.

3

## III. DISCUSSION

### a. Ripeness & Futility Exception

As the Court explained in Hennelly I,

> "Land use challenges, whether pursued as a takings claim under the Fifth Amendment or as violations of equal protection or due process, are subject to the ripeness requirement articulated in Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 105 S. Ct. 3108, 87 L. Ed.2d 126 (1985)." Lost Trail LLC v. Town of Weston, 289 Fed. Appx. 443, 444 (2d Cir. 2008); see also Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 349 (2d Cir. 2005); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88-89 (2d Cir. 2002). Under Williamson County, to establish jurisdictional ripeness in a zoning dispute, Plaintiff bears a "high burden of proving that [the Court] can look to a final, definitive position from a local authority to assess precisely how [Plaintiff] can use [his] property." Murphy, 402 F.3d at 347 (citation omitted). "[P]rong-one ripeness reflects the judicial insistence that a federal court know precisely how a property owner may use his land before attempts are made to adjudicate the constitutionality of regulations purporting to limit such use." Id. at 352. As a result, until the "appeal process is exhausted and a final, definitive decision from the local zoning authorities is rendered, this dispute remains a matter of unique local import over which we lack jurisdiction." Id. at 354.

Hennelly I, p. 5. A Plaintiff can escape this finality rule if he can demonstrate that further administrative challenges would be futile. Id. pp 5-6.

Plaintiff did not make a sufficient demonstration of futility in Hennelly I and the Court dismissed the action without prejudice to re-filing. That is, the dismissal was without prejudice to refiling after Plaintiff had exhausted his administrative remedies. The "without prejudice" dismissal was not so Plaintiff could attempt to file the gaps in his losing "futility" argument and take a second bite at that apple. "Gap-filling" arguments are not allowed on motions for considerations, see Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir.

1998);[2] Nowacki v. Closson, 2001 WL 175239, *1 (N.D.N.Y. Jan. 24, 2001);[3] Polanco v. United States, 2000 WL 1346726, at *1 (S.D.N.Y. Sept.19, 2000),[4] and, for the same prudential reasons, should not be allowed when a party attempts an end run around this rule by filing a new action.

Moreover, Plaintiff's argument on the futility defense is barred by the doctrine of collateral estoppel. See Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir.2009);[5] Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 285 n. 5 (2d Cir. 2000).[6] The futility defense was at issue in Hennelly I, arising from the same transaction as is in issue here; Hennelly I involved an adjudication on the merits of the futility defense; the parties in the two actions are identical; and Plaintiff had a full and fair opportunity to litigate the futility defense in Hennelly I.

Even assuming, *arguendo*, that the futility defense is not barred by the doctrine of collateral estoppel, Plaintiff's renewed position on futility is insufficient to withstand the current ripeness challenge. Accepting Davis's statement as set forth at paragraph 21 as

---

[2] (Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'")

[3] ("The high burden imposed on the moving party [seeking reconsideration] has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters.")(internal citations and quotations omitted)

[4] (Reargument is also not a vehicle to "advance new facts, issues or arguments not previously presented to the court.")

[5] ("The fundamental notion of the doctrine of collateral estoppel, or issue preclusion, is that an issue of law or fact actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the same parties or their privies.")(internal quotations omitted)

[6] "[T]he . . . doctrine of collateral estoppel, or issue preclusion, . . . bars a party from relitigating in a second proceeding an issue of fact or law that was litigated and actually decided in a prior proceeding if that party had a full and fair opportunity to litigate the issue in the prior proceeding...."

true,[7] it fails to satisfy Plaintiff's "high burden of proving that [the Court] can look to a final, definitive position from a local authority to assess precisely how [Plaintiff] can use [his] property." While Davis might have expressed a reasonable opinion based on his experience as to how the Town Planning Board or the Zoning Board of Appeals might deal with an application for subdivision approval, for a variance of the applicable zoning ordinance and the subdivision regulations, or for a waiver of the subdivision regulations, Davis does not speak for either of these bodies. His opinion is simply that, an opinion. It is not a final determination by either of these bodies, and Davis' opinion does not demonstrate that any of these avenues would have been futile. Accordingly, Plaintiff's dues process claims in this action are not ripe for adjudication.

### b. Statute of Limitations

Moreover, Plaintiff's claims are barred by the applicable statute of limitations.[8] It is well-settled that, in New York, claims pursuant to 42 U.S.C. § 1983 are subject to a three year statute of limitations. Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009). A § 1983 claim ordinarily accrues when the Plaintiff knows or has reason to know of the harm. Id. The proper focus is on the time of the unlawful act and when Plaintiff knows or has reason to know of the injury that is the basis of the action; not when the consequences become painful. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994).

According to the allegations in the Complaint, in April of 2006 Plaintiff became

---

[7] The Court finds it somewhat peculiar that, in opposing dismissal in Hennelly I, Plaintiff did not raise the statement purportedly made by Defendant Davis. The Court finds it even more peculiar that Davis's statement applies the term "futile" to the various avenues of review that Defendants argued in Hennelly I were available to Plaintiff but which he did not pursue.

[8] Plaintiff did not respond to this basis for dismissal raised by Defendants.

aware that Defendant Davis would not issue him a Certificate of Occupancy for the newly constructed building unless Plaintiff signed an affidavit attesting that he would not use the older building as a residence.  It was at this time that Plaintiff knew or reasonably should have known of the harm that underlies his denial of due process claims.  Thus, Plaintiff's denial of due process claims accrued in April of 2006.  Because he did not commence this action until November 18, 2010, more than three years after the § 1983 claims accrued, the claims are barred by the applicable statute of limitations.[9]

### c.  Protected Property Interest

Because the Court finds that the action must be dismissed for lack of ripeness and because it was commenced beyond the applicable statute of limitations, the Court does not reach Defendants' argument that Plaintiff lacked a constitutionally protected property interest in this matter.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the action [dkt. # 6] is **GRANTED** and the action is **DISMISSED**.

**IT IS SO ORDERED**

DATED: January 12, 2011

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

---

[9] Even using the commencement date of <u>Hennelly I</u>, August 10, 2010, the action is untimely.