UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD P. HENNELLY,

                **Plaintiff,**

    V.                                                                     3:10-CV-1398

TOWN OF MIDDLETOWN, and
CARL P. DAVIS,

                **Defendants.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff initially commenced an action against Defendant pursuant to 42 U.S.C. § 1983 asserting that Defendants violated his constitutional right to due process. See Hennelly v. Town of Middletown, 3:10-CV-966 (N.D.N.Y.)("Hennelly I"). Upon Defendants' motion, the Court dismissed the complaint because it was not ripe for adjudication. Shortly thereafter, Plaintiff commenced this second action ("Hennelly II") arising from the same circumstances and making the same claims. Upon Defendants' motion, the Court again dismissed the action as unripe. Familiarity with those prior decisions is presumed. Presently before the Court is Defendants' motion for attorneys' fees in connection with the costs they incurred in defending Hennelly II.

In Hennelly I, Defendants moved to dismiss on the grounds that the claim was not

1

ripe. Plaintiff opposed, arguing that completing the process at the local level would have been futile because the applicable Town laws prohibited two residential dwellings on a single lot and, therefore, seeking a variance would have been a waste of time. In dismissing the action, the Court noted that Plaintiff bears a "'high burden of proving . . . a final, definitive position from a local authority. . . .'" Hennelly I, at 4 (quoting Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 349 (2d Cir. 2005)). The Court concluded that, [a]lthough there is no dispute that the pertinent zoning regulations are clear, Plaintiff has not alleged in his Complaint or in opposition to the instant motion that any Town official indicated that Plaintiff would be denied a variance if he had applied for one."[1] The Court, therefore, found the futility exception not applicable. In so finding, the Court cited to (and quoted from) cases holding that the futility exception is not met where town officials or entities charged with implementing subdivision and zoning regulations have not made it clear that the applications for relief would be denied. Hennelly I, at p. 6 n. 2, 3. The Court then dismissed the Complaint without prejudice. The matter was dismissed without prejudice so Plaintiff would not be precluded from returning to Court, if necessary, after attempting to seek a variance, subdivision approval, or a final determination from the Zoning Board of Appeals.

      Rather than seek a variance, subdivision approval, or appeal to the Zoning Board of Appeals, on November 18, 2010, Plaintiff filed the instant action. The Complaint in this action was identical in all material aspects to the prior litigation with the exception that

---

[1] At no time in opposition to the motion in Hennelly I did Plaintiff claim that Davis was alleged to have claimed that the Town Planning Board would never let Plaintiff use both dwellings on his parcel as single family residences.

2

Plaintiff now alleged that Defendant Davis, the Code Enforcement Officer:

> told plaintiff that appealing the denial of his certificate of occupancy, applying for a variance, seeking subdivision approval, or seeking a waiver from the Town Planning Board would be futile, as there is no way the town would ever let plaintiff use both dwellings on his parcel as single family residences.

Compl. at ¶ 21.

Defendants again moved to dismiss on futility grounds. In ruling on the motion, the Court noted that the "'without prejudice' dismissal [in Hennelly I] was not so Plaintiff could attempt to fill the gaps in his losing 'futility' argument and take a second bite at that apple." Hennelly II, at p. 4. The Court further held that "Plaintiff's argument on the futility defense is barred by the doctrine of collateral estoppel," id. at p. 5, because Plaintiff had a full and fair opportunity to litigate that very same issue in Hennelly I. Lastly, the Court held that, the new allegations notwithstanding, the action was still unripe because Davis did not and could not speak on behalf of the Town Planning Board or Zoning Board of Appeals and, therefore, his statements did not constitute "a final determination by either of these bodies . . . and . . . do[] not demonstrate that any of these avenues would have been futile." Id. at 5-6. Accordingly, the Court granted the motion to dismiss and dismissed the Complaint in its entirety.

Defendants now move for attorneys' fees on the ground that Plaintiff's claims in the instant action are frivolous in light of: (1) the Court's holding in Hennelly I; (2) because Plaintiff's attempt to "fill the gaps" of his first complaint were plainly insufficient and failed to remedy the deficiencies therein; and (3) the claims were clearly barred by issue preclusion. Plaintiff opposes the motion contending that, in light of the language in the Court's decision in Hennelly I, it was reasonable for him to believe that the new action

3

remedied the pleading defect in the prior action and that his claims were not barred by collateral estoppel because courts routinely allow litigants to cure pleading defects.

Attorney's fees may be awarded to a successful defendant in a civil rights action pursuant to 42 U.S.C. § 1988 where the underlying claim is "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." Rounseville v. Zahl, 13 F.3d 625, 632 (2d Cir. 1994). "A claim is frivolous when it lacks an arguable basis either in law or in fact." Shakur v. Selsky, 391 F.3d 106, 113 (2d Cir. 2004) (internal quotation marks omitted).

> The determination as to whether a claim was frivolous, unreasonable, or groundless is not a purely factual inquiry. Questions as to what allegations were made and what evidence was presented are questions of fact; but the determination as to whether the claims were frivolous, unreasonable, or groundless requires an evaluation of the allegations and the proof in light of the controlling principles of substantive law.

LeBlanc-Sternberg v. Fletcher, 143 F.3d 765, 770 (2d Cir. 1998). "Whether to allow attorney's fees to a prevailing defendant is within this Court's discretion." Panetta v. Crowley, 460 F.3d 388, 398 (2d Cir. 2006).

The Court finds that Defendants have made the requisite showing that the instant action is frivolous, unreasonable, and/or groundless. The issues of ripeness and futility were squarely before the Court on Defendant's motion to dismiss in Hennelly I. It was at that time that Plaintiff should have presented claims of futility based on Davis's alleged statements. Having litigated that very issue in Hennelly I and lost, Plaintiff could not reasonably have expected to successfully relitigate the identical issue in a subsequent action. As noted, the Complaint in Hennelly I was dismissed without prejudice so that Plaintiff would have an opportunity to ripen his claim; not to allow him to relitigate issues

4

that had already been decided.

Moreover, in light of the applicable law set forth in <u>Hennelly I</u>, it was not reasonable to conclude that statements made by Davis could be attributable to the Town Planning Board or the Zoning Board of Appeals and, thereby, justify the failure to exhaust those avenues of relief before coming to Court.

Further, the factual basis for the statements attributed to Davis in the instant Complaint is somewhat suspect, thereby raising the specter of bad faith. As the Court noted in its decision in <u>Hennelley II</u>, it is "somewhat peculiar that, in opposing dismissal in <u>Hennelly I</u>, Plaintiff did not raise the statement purportedly make by Defendant Davis. The Court finds it even more peculiar that Davis's statement applies the term 'futile' to the various avenues of review that Defendants argued in <u>Hennelley I</u> were available to Plaintiff but which he did not pursue." <u>Hennelly II</u>, at p. 6 n.7. The Court cannot help but wonder if Davis made any such statements or whether Plaintiff and his attorney was simply willing to state whatever they thought was necessary to avoid Defendants' ripeness defense.

For the foregoing reasons, the Court finds that an award of attorneys' fees to Defendants is warranted. Plaintiff has made no challenge to the amount of fees claimed by Defendants. Upon review of Defendants' submissions, the Court finds that 40 hours of attorney time defending this action is reasonable and appropriate.[2] The Court also finds the claimed rate of $265.00 per hour to be reasonable.

---

[2] Defendants seek to be awarded 45.1 hours of attorney time. The Court finds some of the claimed time to be excessive (e.g. the amount of time spent on preparing and filing the notice of appearance, calling and preparing a letter to the court concerning the length of the brief, reviewing the opposition to the motion to dismiss the complaint) and disallows some of the time spent in filing the motion for attorneys' fees.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion for attorneys' fees is granted in the amount of $10,600.

**IT IS SO ORDERED**

DATED: February 15, 2011

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge